UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In Re:

MIRROR TRADING INTERNATIONAL (PTY) LTD,

      Debtor in a Foreign Proceeding
_____/

Case No.: 23−11046−PDR

Chapter 15

## MOTION TO APPROVE COMPROMISE OF CONTROVERSY

Chavonnes Badenhorst St Clair Cooper (the "Liquidator") as one of the duly appointed liquidators of the bankruptcy estate of Mirror Trading International (PTY) Ltd (the "Foreign Representative" or "Plaintiff") files this Motion ("Motion") to Approve Compromise of Controversy between the Foreign Representative and GERALD IKECHUKWU ANYAMELE, the defendant in Adv. Proc. No. 24-01191 ("Defendant") under FRBP 9019 and LBR 9019-1 and other applicable rules. In support of the Motion, the Foreign Representative states as follows:

### PRELIMINARY STATEMENT

The Foreign Representative sued Defendant in an adversary proceeding seeking return of dispositions made by Mirror Trading International (PTY) Ltd. ("MTI" or "Foreign Debtor") under the laws of South Africa. By this Motion, Foreign Representative seeks approval of a settlement with Defendant. The settlement amount and the terms of the settlement agreement are based largely on an assessment of the financial condition and collectability of Defendant. The Foreign Representative, as part of the settlement process, requested and received from the Defendant a financial disclosure package which included tax information, a consent to credit check, and sworn financial disclosures modeled upon US bankruptcy schedules and statement of financial affairs.

The Court should approve the proposed settlement agreement under FRBP 9019 as it is well above the lowest point in the range of reasonableness. The settlement amount is a function of various factors but most strongly attributed to the difficulty of collecting a favorable judgment if the adversary proceeding were litigated and the potential costs of the litigation itself.

I. **PROCEDURAL HISTORY**

1. On February 9, 2023, the Foreign Representative commenced this Chapter 15 bankruptcy case. DE 1. On March 18, 2023, this Court granted recognition of the South African bankruptcy proceedings as a foreign main proceeding. DE 11.

II. **THE ADVERSARY PROCEEDING & SETTLEMENT DISCUSSIONS**

2. Along with close to 150 other related cases, the Foreign Representative filed the Adversary Proceeding against Defendant seeking return of avoidable "Dispositions" under South African law.

3. During the course of litigating the Adversary Proceeding, counsel for the Foreign Representative and Defendant began settlement discussions primarily focused upon the financial condition of Defendant and the ultimate collectability of a judgment in the Adversary Proceeding.

4. The Foreign Representative requested and received a financial disclosure package from Defendant consisting of, among other things, production of tax information, consent to a credit check, and a sworn set of financial disclosures modeled after the US bankruptcy schedules and statement of affairs.

III. **SUMMARY OF SETTLEMENT AGREEMENT**

5. The Settlement Agreement is attached hereto as **Exhibit "A"** and should be consulted for a full understanding of its terms. The Settlement Agreement in summary provides:

2

a. **Settlement Payment**. As consideration of the settlement of the claims, Defendant will pay the sum of $6,500.00 in six installments (the "Settlement Amount").

b. **Reliance on Financial Disclosure Package**. That the Foreign Representative relied upon the accuracy of the Financial Disclosures in agreeing to the terms of the Settlement Agreement and the Settlement Amount.

c. **Waiver of Further Claims Against Foreign Debtor**. The Defendant waives any further claim against the Foreign Debtor.

d. **Settlement Conditioned on Bankruptcy Court Approval**. The Settlement Agreement is contingent upon this Court's approval of the same.

e. **Dismissal of Adversary Proceeding Upon Approval and Payment**. The Adversary Proceeding will be dismissed once this Court approves the Settlement Agreement and the Settlement Amount is paid in full.

## IV. THE SETTLEMENT AGREEMENT SHOULD BE APPROVED

### A. Applicable Legal Standard

6. "It is generally recognized that the law favors compromise of disputes over litigation for litigation sake." *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993); *see Kenny v. Critical Interventions Svs., Inc. (In re Kenny)*, No. 21-12295, 2022 WL 2282843, *3 (11th Cir. June 23, 2022) ("We have recognized a strong public policy in favor of settlements."). Bankruptcy Rule 9019(a) grants the bankruptcy court discretion to approve settlements and compromises. *Regions Bank v. Herendeen (In re Able Body Temporary Servs., Inc.)*, 2015 WL 791281 (M.D. Fla. Feb. 25, 2015); *GMGRSST, Ltd. v. Menotte (In re Air Safety Int'l, L.C.)*, 336 B.R. 843, 852 (S.D. Fla. 2005). Specifically, Fed. R. Bank. P. 9019 provides the following:

> (a) **Compromise**. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the

> United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019. Accordingly, it is within the scope of this Court's authority to grant the Motion and approve the Settlement Agreement.

7. To approve a settlement, the Court "must determine that the settlement does not 'fall below the lowest point in the range of reasonableness.'" *In re Kenny*, 2022 WL 2282843, at *3 (quoting *Martin v. Pathiakos (In re Martin)*, 490 F.3d 1272, 1275 (11th Cir. 2007)); *see In re Able Body*, 2015 WL 791281, at *2; *see also In re Air Safety Int'l*, 336 B.R. at 852 (stating that the bankruptcy court should "determine whether the proposed settlement is fair and equitable"). To determine the reasonableness of a settlement, courts in the Eleventh Circuit evaluate the settlement under the factors set forth in *Wallis v. Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), which consider the following:

    a. The probability of success in litigation;

    b. The difficulties, if any, to be encountered in the matter of collection;

    c. The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    d. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Justice Oaks*, 898 F.2d at 1549; *see also In re Kenny*, 2022 WL 228284, at *3 (applying factors set forth in *Justice Oaks* to analyze settlement under Fed. R. Bankr. P. 9019); *Romagosa v. Thomas (In re Van Diepen, P.A.)*, 236 Fed. Appx. 498, 504 (11th Cir. 2007) (same).

8. In evaluating the *Justice Oaks* factors, the "bankruptcy court is not required to rule on the merits, and must look only to the probabilities." *In re Van Diepen*, 236 Fed. Appx. at 504. Indeed, "[i]n evaluating a settlement proposal, a bankruptcy court need not find facts, draw legal

4

conclusions, or otherwise adjudicate the merits of the underlying litigation." *In re Kenny*, 2022 WL 2282843, at *5 (citing *Justice Oaks*, 898 F.2d at 1549). "While the Court does not have to conduct a 'mini-trial' on the merits of the underlying litigation, 'approval of a compromise under Bankruptcy Rule 9019 requires more than just a 'rubber-stamping' of an agreement.'" *In re Ortiz*, 619 B.R. 273, 275 (Bankr. M.D. Fla. 2020); *see also In re Soderstrom*, 477 B.R. 249, 252 (Bankr. M.D. Fla. 2012). "The approval of a compromise is within the sound discretion of the bankruptcy judge." *In re Van Diepen*, 236 Fed. Appx. at 502.

9. "Importantly, 'the decision of a trustee in Bankruptcy to enter a settlement is made within his or her business judgment.'" *United States v. Hartog*, 597 B.R. 673, 681 (S.D. Fla. 2019) (quoting *In re Simmonds*, 2010 WL 2976769, at *3 (S.D. Fla. July 20, 2010)); *see also In re Morgan*, 2011 WL 13185742, *4 (S.D. Fla. Feb. 15, 2011) (same). This business judgment should be respected if it is supported by "some rational business purpose." *In re Ortiz*, 619 B.R. at 275 (citing various cases).

### B. The Settlement Agreement Satisfies the *Justice Oaks* Factors

10. The Settlement Agreement satisfies the *Justice Oaks* factors.

#### i. *The probability of success in the litigation*

11. The Foreign Representative believes if the Adversary Proceeding were litigated that she would prevail in obtaining a monetary judgment.

#### ii. *Difficulties in collection*

12. This second factor, the potential difficulties involving collection, overwhelmingly favors approval of the Settlement Agreement. The Foreign Representative requested and obtained a Financial Disclosure Package described above which information largely drove the Settlement Amount and the terms of the Settlement Agreement. If the Adversary Proceeding were litigated

5

SEQUOR LAW, P.A.

and a judgment obtained against Defendant collection of such judgment is in doubt and the cost and expense of such collection efforts in unknown. *See In re Kenny*, 2022 WL 2282843, at *4 (affirming bankruptcy court's reasoning that this factor is satisfied when collection would take longer than a "quick payout to creditors" that could be done under the proposed settlement).

### iii.    *Complexity, expense, inconvenience and delay of litigation*

13.    The third factor evaluates the complexity of the litigation involved and the attendant expense, inconvenience, and delay also favors the approval of the Settlement Agreement. This Court is aware of the complexity of applying non-US law in the Adversary Proceeding and the procedural and substantive issues already identified. The expense of litigating the Adversary Proceeding is not insubstantial and conclusion of such litigation would be months away which could lead to further financial distress on the Defendant making collection of any judgment even less certain.

### iv.    *Paramount interest of creditors*

14.    The fourth factor, the paramount interest of the creditors, favors the Settlement Agreement. Under South African bankruptcy law, the Foreign Representative is charged with making settlement decisions with the best interests of creditors in mind. South African bankruptcy law vests such settlement authority in the Foreign Representative such that no further court approval is needed to resolve particular claims.

15.    Based on the analysis of the above factors, the Foreign Representative submits that the Settlement Agreement falls well above the lowest point in the range of reasonableness and should be approved.

### CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that the Court approve the Settlement Agreement, enter an Order substantially in the form of **Exhibit "B"** attached, and grant any other relief that is just and proper.

Dated:  February 11, 2025

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

By:  */s/ Gregory S. Grossman*
Gregory S. Grossman
Florida Bar No. 896667
ggrossman@sequorlaw.com
Maria Jose Cortesi
Florida Bar No. 1024946
mcortesi@sequorlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this.

*/s/ Gregory S. Grossman*
Gregory S. Grossman

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Joel M. Aresty**   aresty@mac.com
- **Eric N Assouline**   ena@assoulineberlowe.com, ah@assoulineberlowe.com
- **Jose Avila**   jose@junavila.com
- **Alejandro Brito**   abrito@britopllc.com, lcoello@britopllc.com
- **Winsor Emerson Daniel**   wdaniel@thedanielfirm.com
- **Joshua W Dobin**   jdobin@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;ltannenbaum@ecf.courtdrive.com; jdobin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Ray Garcia**   rgarcia@raygarcialaw.com, sandra@raygarcialaw.com
- **Daniel Gielchinsky**   dan@dgimlaw.com, colleen@dgimlaw.com;dan_1836@ecf.courtdrive.com;eservice@dgimlaw.com
- **Maria Jose Gonzalez**   mcortesi@sequorlaw.com, jdiaz@sequorlaw.com
- **Joe M. Grant**   jgrant@loriumlaw.com, jenna-munsey-6083@ecf.pacerpro.com;jyoung@loriumlaw.com
- **Jonathan E Groth**   jonathan@dgimlaw.com, jonathangroth@ecf.courtdrive.com;eservice@dgimlaw.com;colleen@dgimlaw.com
- **Michael Gulisano**   michael@gulisanolaw.com, pleadings@gulisanolaw.com
- **Monique D Hayes**   monique@dgimlaw.com, oniquedhayes@gmail.com; colleen@dgimlaw.com;monique123@ecf.courtdrive.com;monique@dgimlaw.com
- **Jessey J Krehl**   jessey@packlaw.com
- **Cecilia Sofia Miranda**   cmiranda@britopllc.com
- **Wanda D Murray**   ecfflsb@aldridgepite.com, WMurray@ecf.courtdrive.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Joseph A Pack**   joe@packlaw.com
- **Alexis S Read**   asr@alexisreadlaw.com, asr@readlawpllc.com;alexis.read@dunnlawpa.com
- **Ivan J Reich**   ireich@nasonyeager.com, sjanowitz@nasonyeager.com
- **Eric A Rosen**   erosen@fowler-white.com, VFoutz@fowler-white.com,CAfilings@fowler-white.com;agebert@fowler-white.com
- **Nicholas G Rossoletti**   nrossoletti@bilulaw.com, johana@bilulaw.com,rbilu@bilulaw.com,avalencia@bilulaw.com,renee@bilulaw.com;rossoletti.nicholasb111856@notify.bestcase.com
- **James Schwitalla**   jwscmecf@bellsouth.net, miamibkcmyecf@gmail.com;schwitallajr74031@notify.bestcase.com
- **James D. Silver**   jsilver@kelleykronenberg.com, raldama@kelleykronenberg.com;akamensky@kelleykronenberg.com
- **Adam I Skolnik**   askolnik@skolniklawpa.com, k.skolniklaw@gmail.com; skolnikar45106@notify.bestcase.com; fskolnik@skolniklawpa.com
- **Jason A. Weber**   jaw@tblaw.com, Nboffill@tblaw.com

**Michael Andrew Ziegler**   bankruptcy@attorneydebtfighters.com, 3553810420@filings.docketbird.com,10310@notices.nextchapterbk.com