UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In Re:

MIRROR TRADING INTERNATIONAL                Case No.: 23−11046−PDR
(PTY) LTD,
                                            Chapter 15
      Debtor in a Foreign Proceeding
_____/

## **MOTION TO APPROVE COMPROMISE OF CONTROVERSY**

Chavonnes Badenhorst St Clair Cooper (the "Liquidator") as one of the duly appointed liquidators of the bankruptcy estate of Mirror Trading International (PTY) Ltd (the "Foreign Representative" or "Plaintiff") files this Motion ("Motion") to Approve Compromise of Controversy between the Foreign Representative and BRIAN NERNEY, the defendant in Adv. Proc. No. 24-01183-PDR ("Defendant") under FRBP 9019 and LBR 9019-1 and other applicable rules. In support of the Motion, the Foreign Representative states as follows:

## **PRELIMINARY STATEMENT**

The Foreign Representative sued Defendant in an adversary proceeding seeking return of dispositions made by Mirror Trading International (PTY) Ltd. ("MTI" or "Foreign Debtor") under the laws of South Africa. By this Motion, Foreign Representative seeks approval of a settlement with Defendant. The Court should approve the proposed settlement agreement under FRBP 9019 as it is well above the lowest point in the range of reasonableness. The settlement amount is a function of various factors but most strongly attributed to the difficulty of collecting

a favorable judgment if the adversary proceeding were litigated and the potential costs of the litigation itself.

I.    **PROCEDURAL HISTORY**

1.    On February 9, 2023, the Foreign Representative commenced this Chapter 15 bankruptcy case.  DE 1. On March 18, 2023, this Court granted recognition of the South African bankruptcy proceedings as a foreign main proceeding.  DE 11.

II.    **THE ADVERSARY PROCEEDING & SETTLEMENT DISCUSSIONS**

2.    Along with close to 150 other related cases, the Foreign Representative filed the Adversary Proceeding against Defendant seeking return of avoidable "Dispositions" under South African law.

3.    The initial complaint alleged Dispositions of approximately 3.339746 in bitcoin; however, after subsequent investigation prompted by discussions with Defendant's counsel, the Foreign Representative agreed that the amount actually transferred was 0.6 in bitcoin ("BTC Exposure"). Moreover, Defendant, through counsel, asserted that not all of the BTC Exposure is connected to Defendant because some or all of the BTC Exposure is connected to the Defendant's father, Jim Nerney.

4.    Accordingly, counsel for the Foreign Representative and the Defendant have engaged in good faith settlement negotiations informed by the merits of their respective positions. These negotiations were also guided by the Foreign Representative's consistent efforts to resolve matters without resorting to protracted litigation, as reflected by the systematic, across-the-board settlement offers extended to similarly situated parties—including the most recent offer accepted by the Defendant—which ultimately led to a resolution of the Adversary Proceeding in its entirety.

SEQUOR LAW, P.A.

III.     **SUMMARY OF SETTLEMENT AGREEMENT**

5.     The Settlement Agreement is attached hereto as **Exhibit "A"** and should be consulted for a full understanding of its terms.  The Settlement Agreement in summary provides:

a.     **Settlement Payment**.     As consideration of the settlement of the claims, Defendant will pay the sum of $28,200 in twelve (12) equal monthly installments (the "Settlement Amount").

b.     **Guarantee**. Defendant's father, Jim Nerney ("Guarantor") guarantees the full and tinnily performance by Defendant of his obligations under the Settlement Agreement, including payment of the Settlement Amount and full payment of any judgment rendered against Defendant in the event of noncompliance.

c.     **Waiver of Further Claims Against Foreign Debtor**.  The Defendant waives any further claim against the Foreign Debtor.

d.     **Settlement Conditioned on Bankruptcy Court Approval**.  The Settlement Agreement is contingent upon this Court's approval of the same.

e.     **Consent Judgment**. The Foreign Representative shall be entitled to entry of a judgment against the Defendant in the event the Defendant fails to make any periodic payment under the Settlement Agreement.

f.     **Dismissal of Adversary Proceeding Upon Approval and Payment**. The Adversary Proceeding will be dismissed once this Court approves the Settlement Agreement and the Settlement Amount is paid in full.

IV.     **THE SETTLEMENT AGREEMENT SHOULD BE APPROVED**

A.     **Applicable Legal Standard**

3

6.      "It is generally recognized that the law favors compromise of disputes over litigation for litigation sake." *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993); *see Kenny v. Critical Interventions Svs., Inc. (In re Kenny)*, No. 21-12295, 2022 WL 2282843, *3 (11th Cir. June 23, 2022) ("We have recognized a strong public policy in favor of settlements."). Bankruptcy Rule 9019(a) grants the bankruptcy court discretion to approve settlements and compromises. *Regions Bank v. Herendeen (In re Able Body Temporary Servs., Inc.)*, 2015 WL 791281 (M.D. Fla. Feb. 25, 2015); *GMGRSST, Ltd. v. Menotte (In re Air Safety Int'l, L.C.)*, 336 B.R. 843, 852 (S.D. Fla. 2005).  Specifically, Fed. R. Bank. P. 9019 provides the following:

> (a) **Compromise**. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019.  Accordingly, it is within the scope of this Court's authority to grant the Motion and approve the Settlement Agreement.

7.      To approve a settlement, the Court "must determine that the settlement does not 'fall below the lowest point in the range of reasonableness.'"  *In re Kenny*, 2022 WL 2282843, at *3 (quoting *Martin v. Pathiakos (In re Martin)*, 490 F.3d 1272, 1275 (11th Cir. 2007)); *see In re Able Body*, 2015 WL 791281, at *2; *see also In re Air Safety Int'l*, 336 B.R. at 852 (stating that the bankruptcy court should "determine whether the proposed settlement is fair and equitable"). To determine the reasonableness of a settlement, courts in the Eleventh Circuit evaluate the settlement under the factors set forth in *Wallis v. Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), which consider the following:

a.  The probability of success in litigation;

b.  The difficulties, if any, to be encountered in the matter of collection;

    c.   The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    d.   The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Justice Oaks*, 898 F.2d at 1549; *see also In re Kenny*, 2022 WL 228284, at *3 (applying factors set forth in *Justice Oaks* to analyze settlement under Fed. R. Bankr. P. 9019); *Romagosa v. Thomas (In re Van Diepen, P.A.)*, 236 Fed. Appx. 498, 504 (11th Cir. 2007) (same).

8.    In evaluating the *Justice Oaks* factors, the "bankruptcy court is not required to rule on the merits, and must look only to the probabilities." *In re Van Diepen*, 236 Fed. Appx. at 504. Indeed, "[i]n evaluating a settlement proposal, a bankruptcy court need not find facts, draw legal conclusions, or otherwise adjudicate the merits of the underlying litigation." *In re Kenny*, 2022 WL 2282843, at *5 (citing *Justice Oaks*, 898 F.2d at 1549). "While the Court does not have to conduct a 'mini-trial' on the merits of the underlying litigation, 'approval of a compromise under Bankruptcy Rule 9019 requires more than just a 'rubber-stamping' of an agreement.'" *In re Ortiz*, 619 B.R. 273, 275 (Bankr. M.D. Fla. 2020); *see also In re Soderstrom*, 477 B.R. 249, 252 (Bankr. M.D. Fla. 2012). "The approval of a compromise is within the sound discretion of the bankruptcy judge." *In re Van Diepen*, 236 Fed. Appx. at 502.

9.    "Importantly, 'the decision of a trustee in Bankruptcy to enter a settlement is made within his or her business judgment.'" *United States v. Hartog*, 597 B.R. 673, 681 (S.D. Fla. 2019) (quoting *In re Simmonds*, 2010 WL 2976769, at *3 (S.D. Fla. July 20, 2010)); *see also In re Morgan*, 2011 WL 13185742, *4 (S.D. Fla. Feb. 15, 2011) (same). This business judgment should be respected if it is supported by "some rational business purpose." *In re Ortiz*, 619 B.R. at 275 (citing various cases).

SEQUOR LAW, P.A.

**B.**     **The Settlement Agreement Satisfies the *Justice Oaks* Factors**

10.     The Settlement Agreement satisfies the *Justice Oaks* factors.

> **i.     *The probability of success in the litigation***

11.     The Foreign Representative believes if the Adversary Proceeding were litigated that he would prevail in obtaining a monetary judgment.

> **ii.     *Difficulties in collection***

12.     This second factor, the potential difficulties involving collection, favors approval of the Settlement Agreement.  The settlement offer was made at this stage to avoid potential complications associated with collecting on a judgment, which would likely be protracted and uncertain. In contrast, the proposed settlement allows for a more immediate and efficient distribution to creditors, thereby maximizing recovery while minimizing delay and expense. *See In re Kenny*, 2022 WL 2282843, at *4 (affirming bankruptcy court's reasoning that this factor is satisfied when collection would take longer than a "quick payout to creditors" that could be done under the proposed settlement).

> **iii.     *Complexity, expense, inconvenience and delay of litigation***

13.     The third factor evaluates the complexity of the litigation involved and the attendant expense, inconvenience, and delay also favors the approval of the Settlement Agreement.  This Court is aware of the complexity of applying non-US law in the Adversary Proceeding and the procedural and substantive issues already identified. The expense of litigating the Adversary Proceeding is not insubstantial and conclusion of such litigation would be months away which could lead to further financial distress on the Defendant making collection of any judgment even less certain.

SEQUOR LAW, P.A.

      *iv.*    **Paramount interest of creditors**

14.    The fourth factor, the paramount interest of the creditors, favors the Settlement Agreement.  Under South African bankruptcy law, the Foreign Representative is charged with making settlement decisions with the best interests of creditors in mind.  South African bankruptcy law vests such settlement authority in the Foreign Representative such that no further court approval is needed to resolve particular claims.

15.    Based on the analysis of the above factors, the Foreign Representative submits that the Settlement Agreement falls well above the lowest point in the range of reasonableness and should be approved.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that the Court approve the Settlement Agreement, enter an Order substantially in the form of **Exhibit "B"** attached, and grant any other relief that is just and proper.

Dated:  June 4, 2025

                                    Respectfully submitted,

                                      SEQUOR LAW, P.A.
                                      1111 Brickell Avenue, Suite 1250
                                      Miami, Florida 33131
                                        Telephone: (305) 372-8282
                                        Facsimile: (305) 372-8202

                            By:    */s/ Maria Jose Cortesi*
                                      Gregory S. Grossman
                                      Florida Bar No. 896667
                                      ggrossman@sequorlaw.com
                                      Maria Jose Cortesi
                                      Florida Bar No.  1024946
                                      mcortesi@sequorlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this.

/s/ Maria Jose Cortesi
Maria Jose Cortesi

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Joel M. Aresty**    aresty@mac.com
- **Eric N Assouline**    ena@assoulineberlowe.com, ah@assoulineberlowe.com
- **Alejandro Brito**    abrito@britopllc.com, apiriou@britopllc.com
- **Maria Jose Cortesi**    mcortesi@sequorlaw.com, jdiaz@sequorlaw.com,1166376420@filings.docketbird.com
- **Winsor Emerson Daniel**    wdaniel@thedanielfirm.com
- **Joshua W Dobin**    jdobin@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;ltannenbaum@ecf.courtdrive.com;jdobin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **C Craig Eller**    celler@kelleylawoffice.com, bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com
- **Ray Garcia**    rgarcia@raygarcialaw.com, sandra@raygarcialaw.com
- **Daniel Gielchinsky**    dan@dgimlaw.com, colleen@dgimlaw.com;dan_1836@ecf.courtdrive.com;eservice@dgimlaw.com
- **Joe M. Grant**    jgrant@loriumlaw.com, jenna-munsey-6083@ecf.pacerpro.com;jyoung@loriumlaw.com
- **Gregory S Grossman**    ggrossman@sequorlaw.com, ngonzalez@sequorlaw.com,arodriguez@sequorlaw.com,7122227420@filings.docketbird.com
- **Michael Gulisano**    michael@gulisanolaw.com, pleadings@gulisanolaw.com
- **Monique D Hayes**    monique@dgimlaw.com, moniquedhayes@gmail.com;colleen@dgimlaw.com;monique123@ecf.courtdrive.com;monique@dgimlaw.com

SEQUOR LAW, P.A.

- **Craig I Kelley**    craig@kelleylawoffice.com,
  bankruptcy@kelleylawoffice.com;scott@kelleylawoffice.com;kelleycr75945@notify.bestcase.com
- **Jessey J Krehl**    jessey@packlaw.com
- **Cecilia Sofia Miranda**    cmiranda@britopllc.com
- **Mark S Mitchell**    mmitchell@rtlaw.com, lcain@rtlaw.com
- **Wanda D Murray**    wanda.murray@usdoj.gov, WMurray@ecf.courtdrive.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Joseph A Pack**    joe@packlaw.com
- **Alexis S Read**    asr@alexisreadlaw.com,
  asr@readlawpllc.com;alexis.read@dunnlawpa.com
- **Ivan J Reich**    ireich@nasonyeager.com,
  llavender@nasonyeager.com;raldama@nasonyeager.com
- **Jason S Rigoli**    jrigoli@furrcohen.com,
  yfernandez@furrcohen.com;staff1@furrcohen.com;ltitus@furrcohen.com
- **Emilio Eduardo Rodriguez**    eer@assoulineberlowe.com
- **Eric A Rosen**    erosen@fowler-white.com, VFoutz@fowler-white.com,CAfilings@fowler-white.com;agebert@fowler-white.com
- **Nicholas G Rossoletti**    nrossoletti@bilulaw.com,
  rbilu@bilulaw.com,avalencia@bilulaw.com,lida@bilulaw.com,rossoletti.nicholasb111856@notify.bestcase.com,jc@bilulaw.com
- **James Schwitalla**    jwscmecf@bellsouth.net,
  miamibkcmyecf@gmail.com;schwitallajr74031@notify.bestcase.com
- **James D. Silver**    jsilver@nasonyeager.com,
  hwebb@nasonyeager.com;raldama@nasonyeager.com
- **Adam I Skolnik**    askolnik@skolniklawpa.com,
  bk.skolniklaw@gmail.com;skolnikar45106@notify.bestcase.com;fskolnik@skolniklawpa.com
- **Jason A. Weber**    jaw@tblaw.com, Nboffill@tblaw.com
- **Michael Andrew Ziegler**    bankruptcy@attorneydebtfighters.com,
  3553810420@filings.docketbird.com,10310@notices.nextchapterbk.com

SEQUOR LAW, P.A.

*EXHIBIT "A"*

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into by and between Chavonnes Badenhorst St Clair Cooper (the "Liquidator"), as one of the duly appointed liquidators of the bankruptcy estate of Mirror Trading International (PTY) Ltd and Brian Nerney ("Transferee").

### RECITALS

A.    Mirror Trading International (PTY) LTD ("MTI") was a business operating in the Republic of South Africa as a purported investment manager for cryptocurrency, particularly bitcoin. MTI operated by soliciting members of the public to invest their bitcoin through MTI on online derivative trading platforms, on the promise of unrealistically high returns. MTI was placed into involuntary liquidation (the "South African Proceeding") under the control or supervision of the High Court of South Africa, Western Cape Division, Cape Town, Republic of South Africa (the "South African Court").

B.    In March 2023, the Bankruptcy Court for the Southern District of Florida recognized the South African Proceeding as a foreign proceeding entitled to recognition pursuant to 11 U.S.C. §§ 1502(4) and 1517(b)(1) and the Liquidator as the Foreign Representative of MTI pursuant to 11 U.S.C. §101(24) (the "US Proceeding").

C.    The Foreign Representative identified the Transferee as having had one or more transaction(s) with MTI. The Foreign Representative originally alleges Transferee received avoidable dispositions ("Dispositions") from the Debtor.

D.    The Foreign Representative filed an adversary proceeding (Adv. Proc. 24-01183-PDR) against Transferee for avoidance and recovery of the Dispositions. The initial complaint alleged Dispositions of approximately 3.339746 in bitcoin; however, after subsequent investigation prompted by discussions with Transferee's counsel, the Foreign Representative agreed that the amount actually transferred was 0.6 in bitcoin ("BTC Exposure").

E.    Moreover, Transferee, through counsel, asserts that not all of the BTC Exposure is connected to Transferee because some or all of the BTC Exposure is connected to the Transferee's father, Jim Nerney.

F.    Each of the Foreign Representative, Transferee, and Jim Nerney, have agreed to settle, resolve, and release (i) all disputes and claims alleged in the Adversary Proceeding and (ii) all claims arising from or in connection with the Dispositions from the Debtor to Transferee or Jim Nerney whether or not alleged in the Adversary Proceeding, under the terms and conditions provided herein.

### AGREEMENT

NOW, THEREFORE, in consideration of the covenant and conditions hereinafter contained, and for other good and valuable consideration the receipt and sufficient of which is hereby acknowledged the undersigned agree as follows:

1.     <u>Recitals</u>. The foregoing recitals are confirmed by the undersigned as true and correct and are incorporated herein by reference. The recitals are a substantive and contractual part of this Agreement.

2.     <u>Condition Precedent</u>.  This Agreement will become effective upon the approval by the Bankruptcy Court presiding over the adversary proceeding.  In the event this Agreement is not approved by the Bankruptcy Court it shall be deemed null and void.

3.     <u>Payment</u>. In consideration of and subject to the covenants and conditions herein, Transferee shall cause the Foreign Representative to receive an amount equal to $28,200, in twelve (12) equal monthly installments ("Settlement Amount"). The first payment shall be made to the trust account of counsel for the Foreign Representative within three (3) business days after this Agreement is approved by the Bankruptcy Court. All subsequent payment shall be made on or before the 15th day of the subsequent month following the month any prior installment was made.

4.     <u>Guarantee.</u> As a material inducement for the Foreign Representative to enter into this Agreement, Jim Nerney ("Guarantor") hereby unconditionally and irrevocably guarantees (a) the full and timely performance by Transferee of all obligations under this Agreement, including, without limitation, payment of the Settlement Amount and (b) the full payment of any Judgment rendered against Transferee because of the failure of Transferee to comply with his obligations under this Agreement.

5.     <u>Dismissal of Adversary Proceeding</u>.  Upon the full and timely payment of the Settlement Amount, the Foreign Representative will dismiss the adversary proceeding with prejudice and relinquish any rights against Guarantor.

6.     <u>Judgment in Event of Default in Payment</u>.  The Parties agree that in the event of a breach of this Agreement by Transferee, the Foreign Representative shall be entitled to entry of a Judgment against the Transferee ("Consent Judgment"). The amount of the Consent Judgment shall be $42,300 (which represents seventy-five percent (75%) of the BTC Exposure times $94,000.00 which was the price reported by Coindesk of The Wall Street Journal of bitcoin on April 30, 2025, as agreed by the parties) less any payments made under this Agreement prior to the default.

7.     <u>Waiver of Claims</u>.  Transferee, Guarantor, or anyone acting for or through either of them, waive any claim that any of them has or might have against MTI or the insolvency estate of MTI.

8.     <u>No Admission of Liability</u>. This Agreement was negotiated, in part, to avoid the time, effort and cost of litigation. This Agreement was never intended and shall never constitute nor be construed as an admission of any liability or wrongdoing by either the Foreign Representative or Transferee.

9.     <u>Voluntary Signing</u>. Each of the parties to this Agreement has executed this Agreement at his/her/its own voluntary act and deed and represents that such execution was not the result of any duress, coercion, or undue influence.

10.     <u>Independent Counsel.</u> Each of the parties to this Agreement acknowledge and agree that it has been represented by independent counsel of its own choice throughout all negotiations which preceded the execution of this Agreement, that it has executed and approved this Agreement after consultation with said independent counsel, and that it shall not deny the validity of this Agreement on the ground that such party did not have the advice of legal counsel.

11.     <u>Governing Law; Submission to Jurisdiction.</u> This Agreement shall in all respects be interpreted, enforced, and governed by and under the law of Florida without regard to any law that might call for the application of the law of any other place.  Each party submits to the non-exclusive personal jurisdiction of the state and federal courts of the State of Florida located in Miami-Dade County, Florida.

12.     <u>No Jury Trial.</u> In the event of a dispute arising in, under, related to, or in connection with this Agreement, neither party will be entitled to a jury trial to resolve such dispute.

13.     <u>Waiver/Amendment.</u> No breach of any provision of this Agreement can be waived unless in writing. Waiver of any one breach of any provision of this Agreement is not a waiver of any other breach of the same or of any other provision of this Agreement. Amendment of this Agreement may be made only by written agreement signed by each of the parties.

14.     <u>Counterparts and Electronic Signatures.</u> This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Electronic, pdf, of fax signatures shall be considered original signatures.

15.     <u>Attorneys' Fees and Costs.</u> The parties hereto shall each bear their own costs and attorneys' fees incurred in connection with the negotiation and documentation of this Agreement, and the parties' efforts to obtain court approval thereof. If any proceeding, action, suit or claim is undertaken to interpret or enforce this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs incurred in connection with such dispute.

16.     <u>Entire Agreement.</u> This Agreement contains the entire agreement among the Foreign Representative and Transferee with respect to the matters referred to in this Agreement and supersedes all prior agreement, understandings, negotiations and discussions, whether oral or written, and there are no representations or other agreements between the parties in connection with the subject matter hereof except as specifically set forth herein. No delay or omission on the part of either party in exercising any right hereunder will operate as a waiver of such right or any other right. A waiver on one occasion will not be construed as a bar to or a waiver of any right on any further occasion.

17.    Modification. No provision of this Agreement may be waived, amended or modified in any respect whatsoever, except by written agreement signed by both parties.

18.    Successors and Assigns. The provisions of this Agreement shall be binding and inure to the benefit of each of the parties and their respective heirs, executors, administrators, agents, representatives, successors, and assigns.

19.    Notices. Notice to be provided hereunder shall be effective if sent to the following:

To Transferee:

Brian Nerney
410 East 9th Ave.
Conshohocken, PA  19428

To Guarantor:

Jim Nerney
1601 Highway 35
P.O. Box 4027
Middletown, NJ 07748

To the Foreign Representative:

Chavonnes Badenhorst St Clair Cooper, Foreign Representative
c/o Gregory S. Grossman
Maria Jose Cortesi
Sequor Law, P.A.
1111 Brickell Ave,
Suite 1250
Miami, Florida 33131

20.    Ambiguities.  Each of the parties have reviewed this Agreement and agree that the rule of interpretation stating that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

21.    Headings. The headings of this Agreement are for convenience or reference only, and shall not limit, expand, modify, or otherwise affect the meaning of any provision of this Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed

4

and delivered.

**Foreign Representative:**

By: _____

Print Name:   GREGORY GROSSMAN

Title:   ATTORNEY-IN-FACT + Authorized Signatory

**Transferee**

_____

Brian Nerney

**Guarantor**

_____

Jim Nerney

\\sl-fs01\wdox\CLIENTS\40121\1001\00394571.DOCX

5

*EXHIBIT "B"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In Re:

MIRROR TRADING INTERNATIONAL
(PTY) LTD,

Case No.: 23−11046−PDR

Chapter 15

      Debtor in a Foreign Proceeding
_____/

**ORDER GRANTING MOTION TO APPROVE**
**<u>COMPROMISE OF CONTROVERSY</u>**

This matter came on for hearing on _____ at _____ (the "Hearing"), upon the Motion to

Approve Compromise of Controversy (the "Motion") [D.E. XX], filed by the Foreign

Representative seeking the approval of the settlement agreement attached to the Motion between

the Foreign Representative and Brian Nerney, the defendant ("Defendant") in

Adversary Proceeding No: 24-01183-PDR ("Adversary Proceeding").[1]  This Court has reviewed the Motion, the record, arguments of counsel, and the Foreign Representative's representations. Accordingly, the Court **FINDS** and **CONCLUDES**, that:

A.    Proper, timely, adequate and sufficient notice of the Motion was given, and such notice was reasonable and appropriate under the circumstances and comports in all regards with the requirements of due process, the Bankruptcy Rules and applicable law.

B.    The Court has jurisdiction over the Motion and to enter this Order under 28 U.S.C. §§ 157, 1334 and FRBP 9019.

C.    The Court finds that the Settlement Agreement does not "fall below the lowest point in the range of reasonableness." *Kenny v. Critical Interventions Svs., Inc.* (*In re Kenny*), No. 21-12295, 2022 WL 2282843, at *3 (11th Cir. June 23, 2022) (quoting *Martin v. Pathiakos (In re Martin)*, 490 F.3d 1272, 1275 (11th Cir. 2007)).

Accordingly, it is **ORDERED** that:

1.    The Settlement Motion is **GRANTED** as set forth herein.

2.    The Court approves the Settlement Agreement under FRBP 9019.

3.    To the extent any of the findings of fact set forth above are determined to be conclusions of law, then such findings are hereby confirmed as conclusions of law.

4.    The Foreign Representative is authorized to implement and fully perform the Settlement Agreement and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement.

---

[1]    Unless otherwise indicated, capitalized terms shall have the meaning ascribed to them in the Motion.

5.      This Court retains jurisdiction with respect to all matters arising from or related to

the implementation, interpretation, and enforcement of this Order and the Settlement Agreement.

###

Submitted by:

Gregory S. Grossman, Esq.
Maria J. Cortesi, Esq.
SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: ggrossman@sequorlaw.com
mcortesi@sequorlaw.com

*(Attorney Cortesi is directed to serve a copy of this order upon all interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order)*

3